UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN O'DEA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant. | Civil No. 13cv3158 L (NLS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [doc. #9]** |

The Civil Local Rules for the United States District Court for the Southern District of California allow for a "member in good standing of, and eligible to practice before, the bar of any United States court or of the highest court of any state or of any territory or insular possession of the United States, who is of good moral character, and who has been retained to appear in this court but who is "not eligible for admission under Civil Local Rule 83.3.c," to obtain pro hac vice status, *i.e.,* to be allowed to participate in a particular case in that jurisdiction. Civ. L. R. 83.3. The Rule provides that an attorney seeking pro hac vice status "must also designate in the application **a member of the bar of this court** with whom the court and opposing counsel may readily communicate regarding the conduct of the case and upon whom papers will be served." *Id.* (emphasis added). Membership in the bar of this court is further described in Local Rule 83.3.c.5:

/ / /

> A judge to whom a case is assigned may in that case, in the judge's discretion, require an attorney appearing in this court pursuant to the provisions of this rule and who maintains an office outside of this district to designate **a member of the bar of this court who does maintain an office within this district as co-counsel** with the authority to act as attorney of record for all purposes. The attorney must file with such designation the address, telephone number and written consent of such designee.

Civ. L. R. 83.3.c.5 (emphasis added).

In the case of *O'Dea v. Conagra Foods, Inc.*, Case No. 13cv3158 L (NLS), which is currently pending before the undersigned, defendant's counsel, Patrick E. Brookhouser, Jr. and the firm McGrath North Mullin & Kratz, PC LLO, applied for pro hac vice status. The pro hac vice application designated David R. Clark, The Clark Law Firm, APLC, as local counsel. The Clark Law Firm is located in Meadow Vista, CA 95722. Meadow Vista is not located in the Southern District of California. Instead, Meadow Vista is in Placer County, California and is in the Eastern District of California. 28 U.S.C. §84(b). The pro hac vice application was deficient on its face in that David R. Clark does not maintain an office within this district. Accordingly, the application was denied.

Attorney Clark telephoned chambers to ask for an informal reconsideration of the denial of the pro hac vice application. He was advised that any request for judicial action must be in writing. *See* Civil Local Rule 83.9: "Except as otherwise provided by law, attorneys or parties to any action or proceeding must refrain from writing letters to the judge, or otherwise communicating with the judge unless opposing counsel is present. All matters to be called to a judge's attention should be formally submitted as hereinafter provided."

On January 27, 2014, defendant Conagra moved for reconsideration of the Order denying the pro hac vice application. In its motion, Attorney Clark noted that he has been a continuous 35-year member of the bar of this Court, and was "until recently" a partner residing in the San Diego office of Higgs, Fletcher & Mack until he relocated his practice to Northern California. (Mtn at 1.) Counsel also notes that with the availability of electronic filing and service, "it is no longer necessary for counsel to have a physical location in San Diego." (*Id.*) Although counsel believes the necessity for the designation of local counsel who maintains an office within the district is obsolete and "there is no need to have a physical office to discharge those obligations

in San Diego," the Rule remains in place and compliance is expected. (*Id*. at 2.)

Finally in what appears to be an attempt to come within the Rule, Mr. Clark states that he "hereby agree[s] to designate a local office where he can also be reached, if necessary, at this old firm, Higgs, Fletcher & Mack at 401 West A Street, Suite 2600, San Diego, CA 92101." (*Id*.) But the mere designation of a local office does not circumvent the requirement that local counsel "maintain[s] an office within this district." CIV. L. R. 83.3.c.5.

Counsel's improper ex parte communication with the Court, his lack of respect for compliance with the Civil Local Rules, and his apparent willingness to suggest a sham solution in order to appear as local counsel convinces the Court that Mr. Clark is not an appropriate designated local counsel.

Based on the foregoing, **IT IS ORDERED** denying defendant's motion for reconsideration.

**IT IS SO ORDERED.**

DATED: January 30, 2014

                                                  M. James Lorenz
                                                  United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL